*Friday, October 7. The Judges delivered their opinions.
JUDGE TUCKER.
This was a bill of review to an interlocutory decree of the High Court of Chancery for the sale of certain mortgaged premises; in which suit the mortgagor, though duly served with notice of the decree nisi, put in no answer; whereupon the bill was taken for confessed, and a decree of foreclosure made in the usual form, May 26, 1801. The bill of review was received by the Court, March 2, 1802. The sale had not been made, nor any final decree pronounced. It is unnecessary to state the grounds upon which the bill of review was admitted, as a previous question arises, whether such a bill was admissible, at that stage of the proceedings.
In the case of Paifax v. Muse’s Executors, last term, (d) this Court decided, that a decree of foreclosure and sale of mortgaged estate, unless the debt were paid by a certain day, was not a final decree; and for that reason dismissed an appeal which had been allowed by the Chancellor during- vacation. In.the case of Bowyer v. Lewis, (e) the question occurred whether a bill of review will lie before a final decree made in the cause. On that occasion I delivered my opinion that it would not, for the reasons there mentioned, to which I beg leave to refer ; and I believe there was no difference of opinion in the Court. Considering the bill, in the present case, as a bill of review, properly so called, I am of opinion it was. prematurely granted; a supplemental bill,, in nature of a bill of review, is to be allowed only where new matter has been discovered, since the decree: that is not the case here. The decree not being final, might have been altered upon a re-hearing, ^without the assistance of a bill of' review, if there were sufficient matter to reverse it appearing upon the former-proceedings, (f) And there must be a petition for such re-hearing, (g)
In order to come at the merits of this, case, which, as far as they have been spoken to, has been very ably argued on both sides, I was willing to see whether this bill could be considered in the nature of a cross-bill, to the bill for foreclosing;. and if the defendant in that suit had put in his answer to the bill to foreclose, I probably should have struggled hard, (though, possibly without success,) for such an interpretation. But this he has never done, and consequently he is not entitled to any favour in that way. I am therefore constrained, without giving any opinion on. the merits, to say, that the bill of review was improperly admitted by the Chancellor, and therefore, that the decree be reversed, and the bill dismissed with costs.

Ante, p. 558.

 1 Hen. & Munf. 553.

 2 Atk. 40, Lewellin v. Mackworth; Mitford’s. Pleadings, 82, 3 Atk. [811] in arguendo, per Yobke..

 2 Ves. 597, 598, Moore v. Moore.